Case 4:21-cv-04221   Document 44   Filed on 07/24/23 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
July 24, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| JADA MONAE RHODES, § § Plaintiff. § § V. § § STERLING MCCALL NISSAN, *et al.*, § § Defendants. § | § § § § § CIVIL ACTION NO. 4:21-cv-04221 § § § § |

## MEMORANDUM AND RECOMMENDATION

Pending before me is a Motion for Summary Judgment (Dkt. 41) filed by four of the five defendants that Plaintiff Jada Monae Rhodes ("Rhodes") has named in this action. Those defendants are McCall-N, Ltd. d/b/a Sterling McCall Nissan ("Sterling McCall") and its employees Adel Altaire, Efrain Portillo, and Gregory Belton (collectively, the "Sterling McCall Defendants"). After reviewing the Motion for Summary Judgment, the response, and the applicable law, I recommend that the motion be **GRANTED**. I also sua sponte recommend that Rhodes's claims against the remaining, unserved defendant—Chartway Financial Services, LLC, d/b/a Chartway Federal Credit Union ("Chartway")—be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

## BACKGROUND

In December 2021, Plaintiff Jada Monae Rhodes ("Rhodes") purchased a used 2020 Nissan Altima from Sterling McCall. As part of the transaction, Rhodes made a $1,000 deposit and financed the rest of the purchase price. The terms of the financial arrangement between Rhodes and Sterling McCall are captured in a Motor Vehicle Retail Installment Sales Contract ("Sales Contract"). Unhappy with the purchase, Rhodes filed this lawsuit, alleging violations of (1) the Fair Credit Reporting Act ("FCRA"); (2) the Truth in Lending Act ("TILA"); (3) several criminal statutes; and (4) 12 U.S.C. § 83.

Rhodes initially named only the Sterling McCall Defendants in her lawsuit. But in her Amended Complaint, which is the operative pleading, Rhodes also named Chartway. Yet, in more than a year and a half since naming Chartway, Rhodes has yet to even request a summons.

At the motion to dismiss stage, I recommended dismissal of every claim that Rhodes brought against the Sterling McCall Defendants except the TILA claim. *See* Dkt. 29 at 6 ("At this early juncture in the case, these [TILA] allegations are, without question, sufficient to survive a motion to dismiss."). The Sterling McCall Defendants have now moved for summary judgment, arguing that there is no genuine issue of material fact on the TILA claim.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Harville v. City of Houston*, 945 F.3d 870, 874 (5th Cir. 2019) (cleaned up).

To survive summary judgment, the nonmovant must "present competent summary judgment evidence to support the essential elements of its claim." *Cephus v. Tex. Health & Hum. Servs. Comm'n*, 146 F. Supp. 3d 818, 826 (S.D. Tex. 2015). The nonmovant's "burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quotation omitted). Rather, the "nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim." *Brooks v. Houston Indep. Sch. Dist.*, 86 F. Supp. 3d 577, 584 (S.D. Tex. 2015). At the summary judgment phase, I construe "the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Cadena v. El Paso County*, 946 F.3d 717, 723 (5th Cir. 2020).

## ANALYSIS

A. **RHODES'S TILA CLAIM AGAINST THE STERLING MCCALL DEFENDANTS**

The TILA is a strict-liability statute that requires a lender in a commercial credit transaction to disclose certain terms and conditions of the transaction to a borrower prior to consummating the loan. *See* 15 U.S.C. § 1601 *et seq.* The TILA's purpose is to promote the "informed use of credit . . . [and] an awareness of the cost thereof by consumers" by "assur[ing] a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him." *Id.* § 1601(a).

Under the authority of the TILA, the Federal Reserve Board has promulgated rules to implement the statute. *See* 15 U.S.C. § 1604(a). These rules, found at 12 C.F.R. § 226 *et seq.*, are commonly known as "Regulation Z." Together, the TILA and Regulation Z require lenders to make a series of material disclosures to borrowers for transactions that do not involve a continuing line of credit, such as the automobile transaction involved here. *See* 15 U.S.C. § 1638 (listing required disclosures); 12 C.F.R. § 226.18 (same). To comply with its TILA duties, a creditor must disclose, inter alia: its identity, the amount financed, an itemization of the amount financed, the finance charge, the annual percentage rate, the payment schedule, the total of payments, and the total sales price. *See* 15 U.S.C. § 1638.

In her live pleading, Rhodes contends that Sterling McCall violated the TILA by "fail[ing] to disclose clearly and conspicuous[ly] the finance charge." Dkt. 15 at 8. Rhodes also alleges that Sterling McCall violated the TILA by "improper disclosure of [the] amount financed, finance charge, payment schedule, total of payments, annual percentage rate, and security interest disclosures." *Id.* at 10.

Attached to the Sterling McCall Defendants' Motion for Summary Judgment is the Sales Contract. I have taken a close look at the Sales Contract. It unquestionably provides all the information, including the finance charge, that the TILA and Regulation Z require be disclosed. *See* Dkt. 41-4.

In accordance with the TILA and Regulation Z, the name of the seller/creditor is conspicuously disclosed at the top of the Contract for all to see. *See id.* at 1. The Contract also includes a box labeled "FEDERAL TRUTH-IN-LENDING DISCLOSURES," which provides as follows:

| FEDERAL TRUTH-IN-LENDING DISCLOSURES | | | | |
|---|---|---|---|---|
| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 1000.00 |
| 4.75 % | $ 6092.56 | $ 39115.52 | $ 45118.08 | $ 46118.08 |

Your Payment Schedule Will Be: (e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due | |
|---|---|---|---|
| 72 | $ 626.64 | MONTHLY | beginning 01/29/2022 |
| N/A | $ N/A | N/A | |

N/A

Late Charge: If we do not receive your entire payment within 16 days after it is due (10 days if you are buying a heavy commercial vehicle), you will pay a late charge of 5% of the scheduled payment.
Prepayment. If you pay early, you will not have to pay a penalty.
Security Interest. We will have a security interest in the vehicle being purchased.
Additional Information: See this document for more information about nonpayment, default, security interests, and any required repayment in full before the scheduled date.

*Id.* The information provided in this box satisfies the Sterling McCall Defendants' disclosure obligations under the TILA and Regulation Z.

Rhodes's summary judgment response does not address why she believes that the disclosures provided in the Sales Contract are inadequate under the TILA. Instead, she complains that the Sterling McCall Defendants harassed and humiliated her. Even if true, such conduct does not give rise to a cause of action under the TILA, the only remaining claim against the Sterling McCall Defendants in this lawsuit. In short, the Sterling McCall Defendants have fully complied with their disclosure obligations under the TILA. There is no genuine issue of material fact. Rhodes's TILA claim against the Sterling McCall Defendants fails as a matter of law.

**B.    RHODES'S CLAIMS AGAINST CHARTWAY**

The Federal Rules of Civil Procedure require defendants to be served within 90 days after the complaint is filed. *See* FED. R. CIV. P. 4(m). Rhodes's Amended Complaint naming Chartway was filed on January 31, 2022. Chartway has not been served. In fact, Rhodes has yet to even request a summons for Chartway. Because more than 90 days have elapsed since the operative pleading naming Chartway was filed, Rhodes has failed to effectuate proper service of process on Chartway within the time allowed by the Federal Rules.

Nonetheless, a pro se plaintiff is entitled to notice before a district court dismisses an action for failure to timely serve a defendant. *See Lindsay v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). In this district, pro se litigants receive such notice at the outset of their case:

> It is your responsibility to prepare and have one summons issued for each of the defendants named in your complaint pursuant to Fed. R. Civ. P. 4. The AO 440 summons form is available on the U.S. Courts website, www.uscourts.gov, in the Forms section. You are also responsible for service of the summons and complaint unless otherwise ordered by the court. If you do not have summons issued and served within 90 days of the filing of your complaint, the court may dismiss it, ending your case.

Dkt. 2 at 1. I afforded Rhodes additional notice on July 6, 2022, after this case was referred to me. I gave Rhodes until "until Tuesday, September 6, 2022 . . . to accomplish service on Chartway." Dkt. 25. I warned Rhodes in no uncertain terms: "Failure to serve Chartway by this deadline ***will result in that defendant being dismissed from the case***." *Id.* (emphasis added).

Accordingly, I recommend that Rhodes's claims against Chartway be dismissed. Such dismissal should be without prejudice. *See* FED. R. CIV. P. 4(m).

## CONCLUSION

I recommend that Defendants' Motion for Summary Judgment (Dkt. 41) be **GRANTED**, and Rhodes's TILA claim against the Sterling McCall Defendants be dismissed.

I also recommend that Rhodes's claims against Chartway be dismissed without prejudice for failure to effectuate service pursuant to Rule 4(m).

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 24th day of July 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE